Cox v. Roome.

IDA P. COX et al., appellants,

*v.*

BENJAMIN ROOME, respondent.

Where, on petition, heirs-at-law claim a fund in court, on the ground that it is to be treated as real estate, the administrator of the ancestor through whom such heirs claim, is a necessary party to the procedure.

On appeal from a decree advised by Vice-Chancellor Bird, whose opinion is reported in *Jacobus* v. *Jacobus, 9 Stew. Eq. 248.*

*Mr. C. G. Garrison,* for appellants.

*Messrs. C. & R. W. Parker,* for respondent.

The opinion of the court was delivered by

BEASLEY, C. J.

It appears in this case that on a rule made on a bill for partition, a fund of money was left, by the order of the chancellor, in the hands of an executor, to secure the support of a relative of the testator, who was the original owner of the property, and who, by his will, had charged the lands sought to be divided, with such support. This life-interest having run out by the death of such legatee, the executor filed a petition in the partition suit for an order to distribute the fund in his hands, and such order was granted on an *ex parte* hearing. It subsequently appeared that one of the tenants in common, who was entitled to a distributive share of such fund, was dead, as is alleged, at the time such petition for the order of distribution was filed. A petition was thereupon exhibited by the heirs-at-law of such distributee, praying that such decree of distribution, *quoad* such deceased distributee, should be vacated, and that the money might be ordered to be paid to them as heirs-at-law. The contention of these petitioners is that the fund in question, being the proceeds of land converted into money for the uses of the partition proceeding, was to be regarded and treated as realty, and that it had become vested in

them as heirs, and could not pass as money to the administrator of the original tenant in common.

In accordance with the advice of his Honor, Vice-Chancellor Bird, this latter petition was dismissed, and from that order this appeal has been taken.

But the result attained in the court of chancery was obviously correct. The administrator of the deceased tenant in common was not made a party to these proceedings, and such official was plainly a party necessary to the consideration and decision of the question whether the fund referred to was to come into his hands or was to be diverted into another channel. This personal representative is just as much interested in the inquiry whether this property in controversy is to be treated as realty or as personalty as the petitioners themselves are. If the petitioners should succeed in their struggle to get this fund, on the ground taken by them, the consequence will be that the administrator will be deprived of moneys that would otherwise come to his possession to be administered by him according to law. Such a litigation cannot be settled in the absence of the administrator.

Let the decree be affirmed.

*Decree unanimously affirmed.*